IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS RESTO,<br><br>    Petitioner,<br><br>  vs.<br><br>JOSEPH JOSEPH, Superintendent, Bedford Correctional Facility,<br><br>    Respondent. | No. 9:18-cv-00335-JKS<br><br>MEMORANDUM DECISION |

  Iris Resto, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Resto is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Bedford Hills Correctional Facility. Respondent has answered the Petition, and Resto has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  On August 30, 2012, Resto was charged with first-degree murder and various other crimes in connection with the August 2010 murder of Luis Quinones, a rival drug dealer who was allegedly shot and killed by three men at Resto's direction. The men shot Quinones, killing him instantly and injuring a bystander. The information further alleged that, after the murder, Resto impeded the murder prosecution by offering bribes and threatening potential witnesses, including directing the attack of a trial witness. During the same period, Resto pressured a witness not to testify against her son in an unrelated shooting. Following a jury trial that lasted over a month, the jury found Resto guilty of first-degree murder, first-degree conspiracy, first-

degree criminal solicitation, three counts of fourth-degree tampering with a witness, bribing a witness, second-degree intimidating a witness, second-degree tampering with a witness, and fifth-degree conspiracy. The trial court subsequently sentenced Resto as a predicate felony offender to an aggregate term of life imprisonment without the possibility of parole ("LWOP").

Through counsel, Resto appealed her conviction, arguing that: 1) she was denied her due process right to an interpreter at arraignment; 2) the trial court abused its discretion when it denied Resto's request for an adjournment to allow defense counsel further time to prepare for trial; 3) the trial court's admission of an uncharged crime deprived Resto of a fair trial; 4) the People failed to present legally sufficient evidence to support her murder conviction; 5) the jury's verdict was against the weight of the evidence; 6) trial counsel rendered ineffective assistance; 7) the prosecutor committed misconduct during summation; and 8) Resto's sentence was unduly harsh and severe. The Appellate Division of the New York Supreme Court unanimously affirmed the judgment against Resto in a reasoned opinion issued on February 3, 2017. *People v. Resto*, 47 N.Y.S.3d 522, 526 (N.Y. App. Div. 2017). The New York Court of Appeals summarily denied Resto's application for leave to appeal on April 23, 2017. *People v. Resto*, 80 N.E.3d 415, 415 (N.Y. 2017).

Resto then filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court, the timeliness of which Respondent does not contest. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A). Briefing is now complete, and the Petition is before the undersigned judge for adjudication.

II. GROUNDS RAISED

In her *pro se* Petition before this Court, Resto raises the following grounds for relief: 1) trial counsel was ineffective for a variety of reasons; 2) the verdict was against the weight of the evidence; 3) the evidence presented was legally insufficient to support her convictions; 4) the trial court erred in admitting uncharged crimes evidence; 5) the trial court's refusal to grant defense counsel's request for a continuance denied Resto of her right to present a defense; 6) Resto was denied her due process right to an interpreter at arraignment; 7) the testimony by her former defense attorney, although stricken from the record, was unduly prejudicial and violated her right to a fair trial; 8) her convictions were premised on legally insufficient evidence consisting of the "testimony of self serving witnesses;" 9) the prosecution presented false and perjured testimony; and 10) the cumulative effect of the errors warranted reversal of her convictions.

III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a

common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo

standard to a federal claim not reached by the state court).  In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same).  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.  *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46.  Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.   *Ineffective assistance of counsel* (Ground 1)

Resto first argues that trial counsel rendered ineffective assistance when counsel failed to: 1) impeach Ada Rivera's testimony that she witnessed Resto hand money to Ezekiel Neuman, a former attorney who pleaded guilty in 2012 to bribing a witness; 2) present favorable testimony from unidentified witnesses to the murder; and 3) object to the absence of a Spanish language interpreter at Resto's arraignment.  To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  466 U.S. 668, 687 (1984).  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*  The Supreme Court has

explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Thus, Resto must show that her attorney did not represent her within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for this ineffectiveness, the result would have been different. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

New York's test for ineffective assistance of counsel under the state constitution differs slightly from the federal *Strickland* standard. "The first prong of the New York test is the same as the federal test; a defendant must show that his attorney's performance fell below an objective standard of reasonableness." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (citing *People v. Turner*, 840 N.E.2d 123 (N.Y. 2005)). The difference is in the second prong. Under the New York test, the court need not find that counsel's inadequate efforts resulted in a reasonable probability that, but for counsel's error, the outcome would have been different. "Instead, the 'question is whether the attorney's conduct constituted egregious and prejudicial error such that the defendant did not receive a fair trial.'" *Id.* at 123 (quoting *People v. Benevento*, 697 N.E.2d 584, 588 (N.Y. 1998)). "Thus, under New York law the focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'" *Id.* (quoting *Benevento*, 697 N.E.2d at 588). "The efficacy of the attorney's efforts is assessed by looking at the totality of

the circumstances and the law at the time of the case and asking whether there was 'meaningful representation.'" *Id.* (quoting *People v. Baldi*, 429 N.E.2d 400, 405 (N.Y. 1981)).

The New York Court of Appeals views the New York constitutional standard as being somewhat more favorable to defendants than the federal *Strickland* standard. *Turner*, 840 N.E.2d at 126. "To meet the New York standard, a defendant need not demonstrate that the outcome of the case would have been different but for counsel's errors; a defendant need only demonstrate that he was deprived of a fair trial overall." *Rosario*, 601 F.3d at 124 (citing *People v. Caban*, 833 N.E.2d 213, 222 (N.Y. 2005)). The Second Circuit has recognized that the New York "meaningful representation" standard is not contrary to the federal *Strickland* standard. *Id.* at 124, 126. The Second Circuit has likewise instructed that federal courts should, like the New York courts, view the New York standard as being more favorable or generous to defendants than the federal standard. *Id.* at 125.

Resto's ineffective assistance claims must fail, however, even under the more favorable New York standard. As an initial matter, Respondent correctly argues that Resto failed to exhaust these claims in state court. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings,

irrespective of the label used. *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). To be deemed exhausted, a claim must also have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005). Further, "when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' the federal habeas court should consider the claim to be procedurally defaulted." *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citation omitted); *see also Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 2001).

A review of the record reveals that Resto has not argued before the state courts that counsel was ineffective for failing to object to Rivera's testimony or that counsel should have presented testimony from unspecified witnesses. And while Resto raised on direct appeal her claim that counsel should have objected to the lack of an interpreter at arraignment, she raised that issue solely on the more generous state law and specifically disavowed that she was raising her claim on the stricter *Strickland* standard. Consequently, these claims are unexhausted and subject to dismissal on that basis.[1]

---

[1] This Court has the discretion, but is not obligated, to stay these proceedings and hold the unexhausted claims in abeyance pending exhaustion in the state courts. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Even if Resto could establish the requisite good cause for failing to exhaust her claims, which does not appear from her filings, *Rhines* would still require that the Court deny any stay request because, as discussed *infra*, the claims are "plainly meritless." *Rhines*, 544 U.S. at 277. Likewise, a stay additionally would be futile as to the claim related to the interpreter because a New York court

Moreover, even if Resto had fully exhausted these claims, she would not be entitled to relief on the merits. With respect to her claim that counsel failed to impeach Rivera's testimony that she saw Resto hand money to Neuman, the record reflects that counsel ably and effectively cross-examined Rivera as to her prior conviction of felony witness tampering, credibility issues, and potential bias. Resto fails to provide any basis for counsel to have further impeached Rivera, and therefore fails to show either a deficient performance or prejudice. *See Hall v. Phillips*, No. 1:04–CV–1514, 2007 WL 2156656, at \*13 (E.D.N.Y. July 25, 2007) (the absence of allegations that demonstrate how counsel was ineffective is "fatal to an ineffective assistance claim on habeas" review).

And because, as discussed *infra*, any error in failing provide a Spanish language interpreter at arraignment was harmless, Resto fails to show that counsel's failure to object to the omission prejudiced her in any way. *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (holding that it is not ineffective assistance where counsel fails to raise meritless claims). Finally, Resto does not identify the murder witnesses she contends counsel should have presented at trial. Claims that are not supported by reference to the record or an elaboration of facts are wholly insufficient to warrant habeas relief. *See, e.g.*, *Powers v. Lord*, 462 F. Supp. 2d 371, 381-82 (W.D.N.Y. 2006) (laying out the general rule that "undetailed and unsubstantiated assertions [about counsel's alleged shortcomings] have consistently been held insufficient to satisfy either *Strickland* prong" (citation omitted)). In sum, Resto cannot prevail on any argument advanced in support of her ineffective assistance claim.

---

would deny that claim as procedurally defaulted because Resto may not return to state court to exhaust it. *See Ramirez v. Att'y Gen.*, 280 F.3d 87, 94 (2d Cir. 2001).

B.     *Sufficiency of the evidence* (Grounds 2, 3, 8)

Resto next argues that the evidence against her was legally insufficient to support her convictions and that the convictions were against the weight of the evidence. As an initial matter, claims that challenge verdicts as against the weight of the evidence are not cognizable on federal habeas review. *See McKinnon v. Superintendent*, *Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011). "Unlike a sufficiency of the evidence claim, which is based upon federal due process principles, a weight of the evidence claim is an error of state law, for which habeas review is not available." *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (citation and internal quotation marks omitted). "A weight of the evidence argument is a pure state law claim grounded in [CPL] § 470.15(5) which empowers New York state intermediate appellate court[s] to make weight of the evidence determinations." *Id.* (citation and internal quotation marks omitted). The Court therefore denies Resto's weight of the evidence claim on that basis.

Resto's insufficiency of the evidence claim, although cognizable on federal habeas review, is also without merit. First, the Appellate Division found Resto's claim largely forfeited. *Resto*, 47 N.Y.S.3d at 525. Accordingly, much of Resto's challenge to her convictions is procedurally barred from habeas review on adequate and independent grounds. "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim." *Harris*, 489 U.S. at 262. In finding the majority of Resto's claim unpreserved for appellate review, the Appellate Division relied upon CPL §§ 330.30(1) and 470.05(2), New York's contemporaneous objection rule, which "provides that, with a few exceptions . . . New York appellate courts will review only those errors of law that are presented at a time and in a

manner that reasonably prompted a judge to correct them during criminal proceedings," *Downs v. Lape*, 657 F.3d 97, 103 (2d Cir. 2011).  New York law requires that "[t]o preserve . . . a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged." *People v. Hawkins*, 900 N.E.2d 946, 950 (N.Y. 2008).  New York's contemporaneous objection rule has long been considered an "adequate and independent ground" that bars federal habeas review.  *See Whitley v. Ercole*, 642 F.3d 278, 292 (2d Cir. 2011); *see also Downs*, 657 F.3d at 102-04.  As the record supports the Appellate Division's conclusion that Resto failed to raise her challenges before the trial court, the Appellate Division properly applied CPL § 470.05(2), and Resto's claim is largely subject to dismissal on that basis.

In any event, Resto fails to show that the Appellate Division was unreasonable in concluding that, in the alternative, that Resto was not entitled to relief on the merits of any portion of her claim.  As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard).  This Court must therefore determine whether the New York court unreasonably applied *Jackson*.  In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial.  *Jackson*, 443 U.S. at 318-19.  Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume–even if it does not

affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

In support of her claim, Resto avers that the evidence presented at trial was insufficient to establish the elements of any of the convictions against her solely by attacking the value of the evidence against her and pointing to inconsistencies in witness testimony as well as adverse facts relating to the witnesses that were thoroughly explored through impeachment and cross-examination. But this Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (dismissing habeas claim because "assessments of the weight of the evidence or the credibility of witnesses

are for the jury and not grounds for reversal on appeal" and deferring to the jury's assessments of the particular weight to be accorded to the evidence and the credibility of witnesses). Under *Jackson*, this Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

Although it might have been possible to draw a different inference from the evidence, this Court is likewise required to resolve that conflict in favor of the prosecution. *See Jackson*, 443 U.S. at 326. Resto bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous. 28 U.S.C. § 2254(e)(1). She has failed to carry such burden. The record does not compel the conclusion that no rational trier of fact could have found proof that Resto committed the charged offenses, especially considering the double deference owed under *Jackson* and the AEDPA. The evidence and testimony against Resto, which contrary to her contention was not inherently incredible, was more than sufficient to satisfy the *Jackson* standard. Resto therefore cannot prevail on her insufficiency of the evidence claim either.

C.    *Evidentiary errors* (Grounds 4, 7)

Resto additionally claims that the trial court made two evidentiary errors that had the effect of using her past crimes to show that she had the propensity to commit the instant crimes. First, she argues that the trial court erred in admitting uncharged crimes evidence, namely, testimony regarding her alleged drug dealing enterprise. Similarly, she avers that her rights to due process and a fair trial were violated when her former defense counsel testified that he had

previously represented Resto in a felony criminal matter in which she was charged with criminal possession of a controlled substance in the third degree.

The Court of Appeal rejected both claims on direct appeal. Resto fares no better on federal habeas review. The Court of Appeal found her claim regarding uncharged crimes evidence unpreserved for appellate review. As thoroughly discussed above, that determination renders her claim procedurally barred from federal habeas review as well. *See Harris*, 489 U.S. at 262.

Moreover, both claims fail on the merits because the United States Supreme Court has specifically expressed "no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Estelle*, 502 U.S. at 75 n.5; *see also Mercedes v. McGuire*, No. 08–CV–299, 2010 WL 1936227, at *8 (E.D.N.Y. May 12, 2010) (Appellate Division's rejection of petitioner's claim that the use of uncharged crimes violated his due process rights was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent because "the Supreme Court has never held that a criminal defendant's due process rights are violated by the introduction of prior bad acts or uncharged crimes"); *Allaway v. McGinnis*, 301 F. Supp. 2d 297, 300 (S.D.N.Y. 2004) (the Supreme Court has yet to clearly establish "when the admission of evidence of prior crimes under state evidentiary laws can constitute a federal due process violation").

Furthermore, as the Appellate Division noted in rejecting Resto's claim regarding her former counsel's testimony, the record reflects that the trial court "struck that testimony in response to [Resto's] objection and gave curative instructions that were sufficient to alleviate any prejudice." *Resto*, 47 N.Y.S.3d at 525. Resto thus fails to show that the Appellate

14

Division's conclusion was unreasonable or contrary to federal law. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (The Supreme Court has made clear that "habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"). Resto is thus not entitled to relief on either of these grounds.

D.     *Refusal to grant continuance* (Ground 5)

Resto contends in Ground 5 that the trial court erred in denying her request for an adjournment to allow defense counsel additional time to engage in a further review of *Rosario*[2] material for the trial. The record reflects that, on January 13, 2014, defense counsel asked the court to adjourn the trial for at least week because he had received almost a week earlier "thousands of pages of unredacted discovery." When questioned about the request, trial counsel acknowledged that he had received redacted versions of the documents "early in the case" and described the redactions as consisting of "names and such." The court denied the request, and trial began two days later.

The matter of allowing delays falls within the discretion of the trial judge. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Trial judges necessarily require a great deal of latitude in scheduling trials" due to the problems associated with assembling witnesses, lawyers and jurors. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999). In evaluating decisions denying such requests, reviewing courts must pay particular

---

[2]     *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961). The term "*Rosario*" is a shorthand reference to the rules of mandatory discovery in criminal cases under New York law.

15

attention to the reasons presented to the trial judge in support of the request. *Ungar*, 376 U.S. at 589.

The Supreme Court has said that "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the [Constitution]." *Morris*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). "When a denial of a continuance forms the basis for a habeas claim, the petitioner must show not only that the trial court abused its discretion, but also that the denial was so arbitrary and fundamentally unfair that it violated constitutional principles of due process." *Childs v. Herbert*, 146 F. Supp. 2d 317, 322 (S.D.N.Y.2001) (listing cases).

Here, the Appellate Division affirmed the trial court's denial of Resto's request for a continuance because:

> Here, the court denied [Resto's] request for an adjournment upon determining that the People had provided defense counsel with unredacted copies of the *Rosario* material a week before trial and that defense counsel would be afforded additional time to prepare until the following day after the early completion of jury selection. [Resto] has made no showing that she was prejudiced by the court's ruling.

*Resto*, 47 N.Y.S.3d at 524 (citations omitted).

Resto did not provide on direct appeal, nor does she provide in these proceedings, any concrete argument as to what would have happened at trial had counsel been given the extra time requested. Accordingly, Resto fails to show that she was prejudiced by the denial and ultimately fails to show that the state court's rejection of her claim was contrary to, or an unreasonable application of, clearly-established federal law. She is not entitled to relief on this ground.

E.      *Failure to provide interpreter* (Ground 6)

Resto additionally alleges that she was deprived of her right to have a Spanish language interpreter at her arraignment. The Appellate Division also found this contention unpreserved for appellate review, *Resto*, 47 N.Y.S.3d at 523, and therefore the claim is also procedurally barred here.[3] *See Harris*, 489 U.S. at 262.

In any event, Resto's claim is also without merit. The Supreme Court has never decided the degree of interpretive assistance constitutionally required for non-English speaking defendants. *See United States v. Desist*, 384 F.2d 889, 901 (2d Cir. 1967) (noting lack of Supreme Court precedent); *see also United States v. Johnson*, 248 F.3d 655, 663 (7th Cir. 2001) (noting that the Supreme Court has not even specifically found a constitutional right to any interpreter at all). The Second Circuit, however, has held that a non-English speaking defendant has a constitutional right to an interpreter. *United States ex rel. Negron v. N.Y.*, 434 F.2d 386, 387 (2d Cir. 1970); *see also United States v. Lim*, 794 F.2d 469, 470 (9th Cir. 1986) (holding that "a defendant whose fluency in English is so impaired that it interferes with his right to confrontation or his capacity, as a witness, to understand or respond to questions has a constitutional right to an interpreter") (citations omitted). The Second Circuit further held that the failure to provide an interpreter to a criminal defendant constitutes a denial of the defendant's right to be present at trial. *Negron*, 434 F.2d at 389–90.

---

[3]     To the extent Resto re-raises here her direct appeal contention that she was unable to understand the court interpreter during the remainder of the trial, the Appellate Division's finding that the claim was forfeited likewise bars it from federal habeas review. *See Resto*, 47 N.Y.S.3d at 523-24; *see also Harris*, 489 U.S. at 262. Moreover, the Appellate Division's alternate conclusion that Resto's contention was "not supported by the record" is both reasonable and fully supported by an independent review of the record.

Ordinarily, violations of the right to be present during critical stages of the proceedings are subject to harmless error analysis. *See Rushen v. Spain*, 464 U.S. 114, 119 n.2 (1983). The only exception to this general rule involves a so-called "structural defect," in which the violation of a particular right is so "egregious" as to "undermine the structural integrity of the trial process . . . ." *Yarborough v. Keane*, 101 F.3d 894, 897, 898 (2d Cir. 1996) (*citing Arizona v. Fulminante*, 499 U.S. 279 (1991)). "To determine whether an error is properly categorized as structural, we must look not only at the right violated, but also at the particular nature, context, and significance of the violation." *Id.* at 897. Thus, while "unjustified exclusion of the defendant from the entire trial" would constitute a structural defect, less significant violations of the right to be present are subject to harmless error review. *See id.* at 897-98; *see also Rushen*, 464 U.S. at 120-21 (defendant's absence from two conversations between the trial judge and a juror was held to be harmless error).

It is undisputed that the petitioner was afforded an interpreter at all post-indictment proceedings. Resto fails to articulate any prejudice or disadvantage stemming from the failure to provide her an interpreter at during her arraignment, and has not identified any incriminating statements made by her at that time. Accordingly, any error in failing to provide Resto an interpreter was not structural but rather harmless in nature. Thus, Resto is not entitled to habeas corpus relief based upon this claim.

F.   *Prosecutorial misconduct* (Ground 9)

Resto further contends that the prosecutor elicited perjured testimony that Resto had arranged for the payment of bail for a prosecution witness by putting the payment in the name of Arthur Huddleston. According to Resto, because the witness did not know Huddleston, the bail

bondsman's records must have been false and his testimony to the same effect constituted perjury.

Resto did not raise this contention to the state courts, and it is therefore subject to dismissal for lack of exhaustion. *See* n.1 and discussion, *supra*; *Baldwin*, 541 U.S. at 29. Moreover, it is completely without merit. A prosecutor has a duty of candor in court and an enduring obligation to pursue the truth. *See, e.g., United States v. Salameh*, 152 F.3d 88, 133 (2d Cir. 1998). "[T]he knowing use of perjured testimony involves prosecutorial misconduct and, more importantly, involves 'a corruption of the truth-seeking function of the trial process.'" *United States v. Bagley*, 473 U.S. 667, 680 (1985) (citing *United States v. Agurs*, 427 U.S. 97, 104 (1976)). It is well-established that a conviction must be side aside if "(1) 'the prosecution knew, or should have known, of the perjury,' and (2) 'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Drake v. Portuondo*, 321 F.3d 338, 345 (2d Cir. 2003) (footnote omitted; quoting *Agurs*, 427 U.S. at 103). Here, however, Resto fails to show that the prosecutor offered false testimony at trial or that, if the testimony was false, that the prosecution knew that it was untrue or that it affected the judgment against her. Resto's claim therefore must fail.

G. *Cumulative error* (Ground 10)

Finally, Resto argues that the cumulative effect of the alleged errors raised above warrant reversal of her convictions. "In limited circumstances, cumulative errors may serve as the basis for habeas corpus relief." *Brumfield v. Stinson*, 297 F. Supp. 2d 607, 621 (W.D.N.Y. 2003) (citation omitted). In order for a federal habeas court to find that cumulative errors justify habeas relief, "the alleged individual errors a petitioner seeks to aggregate [must be actual]

19

*errors.*" *Id.* (citing *Joyner v. Miller*, No. 01-cv-2157, 2002 WL 1023141, at *13 (S.D.N.Y. Jan. 7, 2002) (collecting cases)). Further, the petitioner must show that the errors are "'so prejudicial that they rendered petitioner's trial . . . fundamentally unfair.'" *Id.* (citation omitted).

As discussed throughout this opinion, however, none of the alleged errors were actually errors. Further, the record is devoid of any evidence amounting to a single error justifying reversal, nor an accumulation of errors that would render Resto's trial fundamentally unfair. Resto therefore cannot prevail on her cumulative error claim.

## V. CONCLUSION

Resto is not entitled to relief on any ground raised in her Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 12, 2020.

               /s/ James K. Singleton, Jr.
               JAMES K. SINGLETON, JR.
               Senior United States District Judge